Riley *v.* Coghill.

EMMA RILEY, Plaintiff, *v.* THOMAS COGHILL, Defendant.

It is not a valid objection to the report of a referee that it does not contain exceptions taken to his rulings, when there is no evidence that the party complaining took any exceptions and requested them to be reported or preserved.

If the referee in his report has found the amount due from the defendant to the plaintiff as a matter of fact, and that the plaintiff is entitled to a judgment for that amount as a matter of law, the defendant can not claim to have the report set aside on the ground that the referee has not returned his finding of fact and law separately.

Where all the issues are referred to a referee, the prevailing party need not give notice of the report, or furnish to the other party a copy of it. A judgment may be entered upon it as upon a verdict of a jury, without a motion.

IN GENERAL TERM ON ERROR.—This was a suit brought by Riley against Coghill for the dissolution of their partnership, the appointment of a receiver, and the settlement of the partnership business, and the recovery of a balance claimed as due to the said Riley. The petition was filed February 9, 1867.

On the 23d of February, 1867, Coghill filed an answer denying that he had taken wagons and other property of the firm and sold them, keeping the proceeds, as charged in the petition, and charges fraud and misconduct of the plaintiff, or of Drennan, who seems to have represented the plaintiff in the firm, and charges that he (Drennan) sold the wagons of the firm without accounting for the proceeds. The reply denies these charges.

By consent the following entry was made, viz:

" This day came the parties by their attorneys, and upon application to the court for that purpose, and it appearing that the proceedings herein are instituted for the settlement of partnership accounts and a division of the assets on hand of a partnership heretofore existing between the parties hereto, the existence of which partnership being admitted by both parties:

"It is, with the consent of parties, therefore ordered by the court that this cause be and the same is hereby referred to Thomas B. Paxton, Esq., who is hereby appointed as a special referee to hear and determine all the issues in the action, whether of law or of fact, or both, and that said referee make report of his proceedings, findings, and decision to this court for approval and judgment."

On the 7th of March, 1870, the referee filed his report in the words and figures following, viz:

"The undersigned, Thomas B. Paxton, to whom this case was referred by the former order of this court, having heard all the evidence offered by the parties respectively, and the arguments of their counsel, do find that there is due to the plaintiff from the defendant the sum of $1,350, with interest from the commencement of this suit, for which, with costs, the plaintiff is entitled to a judgment against said defendant.

"Referee's fees, $300.

"This 7th day of March, A. D. 1870.

　　　　[Signed,]　　　"Thos. B. Paxton, *Referee.*"

On the 14th of March, one week after the filing of this report, a judgment was entered thereon in accordance with its finding of fact and law.

On the 30th day of March, 1870, the counsel for the defendant filed a motion in these words, "Motion to open up judgment, the same having been irregularly taken." Signed by defendant's counsel, and dated March 29, 1870.

In the following term, viz: on the 13th of April, 1870, the defendant filed "a motion to open up judgment" in the same words as before, adding seven grounds or specific irregularities complained of.

*Yaple & Healy,* for plaintiff.

*Long & Kramer* and *Warden & Ludlow,* for defendant.

TAFT, J.    This cause was a proper one for a reference. We shall consider the grounds of this motion to set aside the

Riley *v.* Coghill.

report in their order, independent of a subsequent statement by the referee placed upon file, and to the filing of which objection was made by the defendant's counsel. We will see how the case would have stood without any such statement from the master, and if these irregularities had been pointed out during the term with the first motion. The first irregularity complained of was, " that exceptions taken to ruling and decision of referee during the trial and examination before him had not been returned with his report to the court."

It would be a conclusive answer to that complaint that the court had no evidence that any such exceptions were taken, unless resort be had to the subsequent statement of the referee, to which the defendant's counsel object and except.

The second irregularity complained of was, " that the referee had not stated the facts found and the conclusions of law separately." He did find the amount due from the defendant to the plaintiff as a matter of fact, and that the plaintiff was entitled to recover that sum from the defendant as a matter of law. This we regard as sufficient in form.

The third complaint was that " the decision was made by the referee, and his report filed without notice to the defendant, without his knowledge, and without opportunity to except thereto."

But there is nothing on the record to show any such want of opportunity, nor does the defendant present any evidence, unless it be the very statement of the referee, to which defendant objects as incompetent.

" Where all the issues are referred to a referee, the prevailing party need not give notice of the report or furnish a copy of it. Judgment is of course." *Van Steenburgh* v. *Hoffman,* 6 How. N. Y. 493.

The fourth objection to the judgment was like the third, and subject to the same answer.

Riley *v.* Coghill.

The fifth objection was, " that the judgment purported to have been entered upon the motion to confirm the report of the referee, and for the entry of judgment thereon, when no motion was ever made."

Here again the entry of the judgment itself was the only evidence which showed there was a motion. But as no motion was necessary, it was quite immaterial whether a motion was made or not, and whether it was oral or written. A judgment follows on the finding of a referee as it does on the finding .of a jury, without any motion.

The sixth objection was, that " the judgment purported to have been made after the court had carefully examined the report and the evidence, when no evidence whatever was returned by the referee."

As the order of reference did not require any report of the evidence, the court might well take the evidence to be in accordance with the report, which was what the court asserted in the entry of the judgment.

The seventh objection was general for informality and want of opportunity to except, which is covered by what has already been said.

Thus stands the case on the record, and the motions, with the assignment of irregularities.

But on the hearing of the motions to set aside the judgment, the referee was permitted by the court to make a statement of what took place after the cause was referred. To this . the defendant objected, and now asks that the judgment be reversed, because that statement may have influenced the mind of the judge in overruling the motions of the defendant. We have seen that if the statement had not been made or filed, the court would have had no ground to sustain the motions. The error, therefore, if it were error to permit the statement, could not have prejudiced the defendant.

But if we regard that statement as competent evidence on the hearing of the motion, and so available to the plaintiff in error to show what took place, the result would,

in our opinion, be the same. The defendant can not have part of the statement without the whole.

Taking the whole statement together, we are satisfied that it shows no ground to interfere with the finding. The parties agreed to have this cause referred to the referee for decision. There does not appear to have been any neglect on his part to take testimony, and give the parties full opportunity to present their case, and he decided it. The judge at Special Term saw no reason for refusing to render judgment upon his finding, or for setting it aside after it was rendered, and we think his ruling was correct.

The judgment is affirmed.